Silverthorn et al. v. Parsons et al.

change the character of the pleadings. Our recollection of the law is that according to the old system, it was not necessary where the state challenged the right of a person to hold a public office, that there should be any great particularity in the statements of the petition in *quo warranto*. That all that was essential was that the plaintiff should allege that the defendant was unlawfully usurping a certain office, and call upon him to answer by what warrant he claims the right to do so. If this be so still, and we incline to the opinion that it is, this petition is sufficient to remove the defendants to file their answer and show their right, and upon this an issue can be raised by reply or demurrer. On these grounds, therefore, we hold that the demurrers are not well taken, and they will be overruled ; but if we are right in the suggestions before made, as to the real facts being that there are separate causes of action against the several defendants, and that this would appear from the answer filed, it would seem advisable that separate proceedings be had against the several defendants, in the first instance.

*S. N. Maxwell* and *Mr. Follett*, for relator.

*E. W. Kittredge* and *W. M. Ampt*, for defendants.

---

## PUBLIC HIGHWAYS—PARTIES—VACATION.

[Cuyahoga Circuit Court.]

Hale, Marvin and Caldwell, JJ

JACOB H. SILVERTHORN ET AL. V. JOSEPH PARSONS ET AL.

1. CONVEYANCES WHICH ARE SUFFICIENT TO CONSTITUTE A LEGALLY ESTABLISHED HIGHWAY.

   A quit-claim deed of a right of way for plank road purposes, with provision that in case of abandonment by the plank road company all rights should revert "to the public," and the sub-equent conveyance of said right of way by the plank road company to the county commissioners, with the same provision, constitutes, under the laws of Ohio, a legally established public highway, from the date of the conveyance to the commissioners.

2. VILLAGE OR HAMLET TRUSTEES ARE PROPER PARTIES IN ACTION TO VACATE.

   The trustees of a village or hamlet, within the limits of which the road in question lies, represent the interests of the public therein, and are proper parties to and have a right to contest an attempt to vacate the same.

3. COMMISSIONERS HAVE CONTROL ONLY OF IMPROVED AND MACADAMIZED ROAD.

   Section 4906, Rev. Stat., giving county commissioners control of highways, relates to improved and macadamized roads and not to highways of the class above referred to.

4. COMMISSIONERS CANNOT, BY CONTRACT, TURN PUBLIC HIGHWAY OVER TO PRIVATE INDIVIDUAL.

   The commissioners of a county cannot, by contract, executed or otherwise, turn a public highway over to a private individual so as to deprive the public of its use, without proceeding in the form and manner prescribed by statute.

HALE, J.

The plaintiffs in this action seek to quiet title to certain premises formerly occupied as a highway. The first position taken in the case by the plaintiffs is that the property in controversy was not in fact a highway, and should not be treated as such, but could be dealt with by the commissioners as other public property than a highway.

The highway, or whatever it is, was not laid out under the statute providing for the establishment of highways, but if a public highway, it is so by virtue of the dedication provided in certain conveyances. The land was at one time owned by Mrs. Patchen and Mrs. Hopkins, who, on October 11, 1882, deeded it by quit-claim deed to the Plank Road company, and in that deed it is specified to be for the following purposes—a deed to the second party, "its successors and assigns of the right of way in and over said strip of land hereinafter described across the property of said first parties at Rocky River in said township of Rockport, for the purpose of constructing, owning and operating its plank road thereon for the accommodation of public travel." "Provided that in case the said party of the second part"—that is the Plank Road company—"its successors or assigns shall at any time hereafter abandon, or cease to maintain and operate its said plank road hereinafter described, or any part thereof, then and in that case all rights hereby conveyed in said roadway, or any part thereof so abandoned shall revert to the public."

On May 2, 1885, by some arrangement between the commissioners and the plank road company the plank road company deeded to the commissioners, or to the county, all the right, title and interest that it had acquired under this deed; and the language of the deed of the plank road company to the county follows the language of the original deed of Mrs. Hopkins and Mrs. Patchen to the plank road company. After the latter date that road, so far as we know, was treated and occupied, up to the transaction under which the plaintiff claims, as a highway. Now, we entertain no doubt but that, under our statute providing for the dedication of highways, that road from 1885, became a legally established public highway; and the case must be dealt with upon that supposition.

On June 1, 1889, the plaintiffs allege that they entered into a contract with the county commissioners whereby they agreed to deed to the county certain other lands which the county needed as an approach to a high bridge then in process of construction over Rocky river, for a moneyed consideration, and this road; that the Silverthorns, the plaintiffs, did deed to the county the land which they had agreed to deed to the county, and are entitled to this road, or land.

The consideration, as stated in the deed, which the county was to pay to Silverthorns, is this: "In consideration that the commissioners of Cuyahoga county will proceed to vacate the thirty feet of roadway strip hereinbefore last referred to, and turn the same over to these plaintiffs, and put them in possession of the same in exchange for the premises as above described;" that is, in addition to the moneyed consideration.

The commissioners agreed to proceed in some proper way to vacate this road, and then turn it over to the Silverthorns; and it is alleged that without vacating it they did turn it over to the Silverthorns, who then went into possession of it, and they claim now the right to the possession and to be quieted in that possession.

It is claimed on the part of the plaintiffs that neither the hamlet of Rocky River, nor the trustees of the hamlet, has any control over this highway, and that they are in no position to dispute the claim of the plaintiffs. The trustees of the hamlet are made defendants, and the claim is, that they are in no position to contest the plaintiffs' claim.

Section 1661, Rev. Stat., so far as hamlets are concerned, provides, "The trustees shall have the exclusive jurisdiction of public roads,

streets, alleys, sewers, and the drains within the limits of the corporation; and they shall have power to construct and keep in repair bridges and sidewalks; lay out, establish, open, widen, narrow, improve, straighten, keep in order and repair roads, streets, and alleys; open and construct, and keep in order and repair, sewers and drains; enter upon and take for the purposes aforesaid, when necessary, land and material, and assess and collect a charge for the construction, improvement, and repair of any such road, street or alley; but if a street is vacated or narrowed the right of way or easement of lot owners shall not be thereby impaired."

This would, of course, unless there is something to modify it, giving the trustees of this hamlet full control over the streets and highways.

But it is said that sec. 4906, Rev. Stat., puts the control of highways, into the care of the commissioners of the county. So far as we are able to ascertain that section only relates to improved roads, macadamized roads and not highways of this class.

Further support is given to that, it is said, by sec. 4938, Rev. Stat., relating to the bridges. We are unable to see that either of those sections control the case that we have. We think that the trustees of the hamlet are proper parties; that they represent the interests of the public in this highway and are properly here, and have a standing to contest the rights claimed by the plaintiffs.

We come then to the question, can this contract claimed to exist between the commissioners and the plaintiffs, Silverthorns, be enforced? Conceding, for the purpose of considering the point, that the contract has been clearly established, about which there may be some question. The statutes provides the way in which a highway may be abandoned, sec. 4661, Rev. Stat. The statute recognizes the fact that the commissioners only have such authority over the highways as is authorized by statute; and the way pointed out by the statute in which a highway may be abandoned is upon the petition of twelve free-holders and notice, and if there is no opposition it may be abandoned then without further proceedings; but if there is objection, viewers are appointed and the case goes through the regular form provided by the statute. Nothing of that kind was done here.

It is said, however, that this contract, although if it was unexecuted could not be enforced, still having been executed upon the one side, the court, finding the Silverthorns in possession, will render a decree securing to them peaceable possession hereafter. *First*—It may be well doubted whether the plaintiffs have had exclusive possession of this property. If we are to give any weight to the testimony of some of the commissioners who came into office after this alleged contract, and others about the commissioner's office, it would seem that there were various negotiations from time to time between Mr. Silverthorn and the commissioners as to the closing of this old road, and it never was in fact completely closed up.

But passing that point, and assuming that the plaintiffs did have such possession, the commissioners had, as I have said, no authority over this highway except as authorized by the statute; and we, hold that the commissioners of the county could not by contract, executed or otherwise, turn a public highway over to a private individual so as to deprive the public of its use, without proceeding in the form and manner provided by statute. If this highway had been

discontinued in the manner pointed out by statute it is a little difficult to see, under this conveyance, what there would have been left in the commissioners of the county to convey. They got, under this conveyance, only the right of way, the right to use as a public highway and when that was abandoned, no title would be left in the commissioners. But we are holding that this was a public highway and that it could not be turned over to anybody by a contract so as to exclude the public from its use; and that is all that is claimed here.

And then we hold, that although it may be true that the Silverthorns had gone into possession of this highway, yet within the time asserted here in this action, by the proper agencies of the public, its use as a highway may be enforced, the decree in the case will be for the defendants.

*Burke & Ingersolls*, and *Squire, Sanderson & Dempsey*, attorneys for plaintiffs.

*H. R. Husbands* and *Hadden & Parks Bros.*, attorneys for defendants.